UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MELENDEZ, | No. 1:20-cv-00302-NONE-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS |
| RALPH DIAZ, *et al*., | (Doc. No. 5) |
| Defendants. | |

Plaintiff Amanda Melendez ("plaintiff"), through counsel, filed this action on October 4, 2019, in the Fresno County Superior Court, and it was removed on February 26, 2020, to this federal district court by the defendants—Ralph Diaz, Secretary for the California Department of Corrections and Rehabilitation, as an individual and in his professional capacity; the California Department of Corrections and Rehabilitation ("CDCR"); Rosemary Ndoh, Warden of Avenal State Prison, as an individual and in her professional capacity; Avenal State Prison ("ASP"); Scott Frauenheim, Warden of Pleasant Valley State Prison, as an individual and in his professional capacity; Pleasant Valley State Prison ("PVSP"); and Does 1-15 as defendants (collectively, "defendants").  (Doc. No. 1.)  In his complaint, plaintiff brings claims for intentional and negligent infliction of emotional distress, loss of consortium, conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, and attorney's fees for vindication of civil rights under 42

1 U.S.C. §1988.  (*Id.*)  The claims arise from injuries plaintiff's husband, who is incarcerated and a member of a prison gang, suffered when members of a rival gang attacked him in prison, as well as from the repeated threat of further harm under which plaintiff alleges her husband was placed. (*Id.*, Ex. A at ¶¶ 14-33.)

On March 18, 2020, defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.)  Defendants argue that:  the official capacity claims against Diaz, Ndoh, and Frauenheim and the claims against ASP and PVSP are redundant of naming CDCR as a defendant and that those individually named defendants should be dismissed from this action; all state law claims are barred as to Diaz, Frauenheim, and PVSP for failure to comply with the California Government Claims Act; the intentional and negligent infliction of emotional distress claims are barred as "they are not fairly reflected" in plaintiff's government claim; the loss of consortium claim is barred because plaintiff's loss is not "actionable"; defendants CDCR, ASP, PVSP, and Diaz, Ndoh, and Frauenheim in their official capacities, are immune from plaintiff's state law claims; plaintiff has failed to allege sufficient facts to support the causes of action; and the purported claim for attorney's fees is not an independent cause of action and should be dismissed.  (Doc. No. 5-1.)

On March 24, 2020, the court entered a minute order informing parties that the motion to dismiss would be taken under submission on the papers and that the hearing date requested by defendants, April 24, 2020, would serve only to set the deadlines for the filing of an opposition and replies.  (Doc. No. 6.)  Plaintiff failed to respond to defendant's motion to dismiss.  On May 28, 2020, the court entered a second minute order directing plaintiff to file a statement of non-opposition or other appropriate document within three days of service of the court's order.  (Doc. No. 10.)

The court does not find it necessary to evaluate the pending motion to dismiss in detail because "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition . . . ." under Local Rule 230(c).  Accordingly, the court grants defendants' motion based on plaintiff's lack of response to the pending motion, which the court construes as a non-opposition to the granting of that motion.  *See Way v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-

2

02244-TLN-KJN, 2019 WL 1405599, *1 (E.D. Cal. Mar. 28, 2019) (granting unopposed motions to dismiss where plaintiff filed statement of non-opposition).  No claims against any defendants survive, and the complaint is dismissed in its entirety.  By virtue of the fact that plaintiff failed to oppose the motion to dismiss, plaintiff has likewise failed to advance any basis upon which this court could conclude the complaint could be cured by amendment.

Moreover, plaintiff failed to respond to the court's May 28, 2020 order requiring the filing of a statement of non-opposition within three days.  Accordingly, and taking into consideration that plaintiff is represented by counsel, the court orders that plaintiff **SHOW CAUSE in writing by July 21, 2020**, why this action should not be **DISMISSED WITH PREJUDICE** for failure to comply with the court's May 28, 2020 order.

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss (Doc. No. 5) is **GRANTED IN ITS ENTIRETY** as unopposed and the complaint is **DIMISSED**.

Plaintiff will **SHOW CAUSE in writing by July 21, 2020**, why this **DISMISSAL** should not be **WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: **July 7, 2020**                                  /s/ Dale A. Drozd
                                                                        UNITED STATES DISTRICT JUDGE

3